UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN JACKSON,<br><br>    Plaintiff,<br><br>v.<br><br>N. AKABIKE,<br><br>    Defendant. | Case No. 1:19-cv-01442-LJO-EPG (PC)<br><br>SCREENING ORDER<br><br>ORDER ALLOWING PLAINTIFF'S COMPLAINT TO PROCEED AGAINST DEFENDANT N. AKABIKE FOR DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS IN VIOLATION OF THE EIGHTH AMENDMENT<br><br>(ECF NO. 1) |

Plaintiff, John Jackson, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On October 15, 2019, Plaintiff filed his complaint, which is now before the Court for screening. (ECF No. 1.)

The Court finds that Plaintiff has stated a cognizable claim against Defendant N. Akabike for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by inmates seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the inmate has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1

Under Federal Rule of Civil Procedure 8(a), a complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681 (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*.

## II. SUMMARY OF PLAINTIFF'S COMPLANT

At all relevant times, Plaintiff was incarcerated at the California Substance Abuse Treatment Facility ("SATF") in Corcoran, California. In the Complaint, Plaintiff alleges the following:

Plaintiff suffers from severe stomach pain from the condition of Helicobacter pylori ("H. pylori").[1] Defendant Akabike is Plaintiff's primary care physician at SATF and is aware that Plaintiff suffers from H. pylori and that Plaintiff is in severe stomach pain as a result of this condition. Defendant is also aware of the serious medical risks to Plaintiff if the condition is ignored and medical treatment is denied or delayed. (ECF No. 1 at 8.) "Plaintiff informed Defendant Akabike of having stomach pain [] during appointments, for the last 7 months. . . . Defendant Akabike knew of Plaintiff's medical condition and lack of treatment, but took no

---

[1] Although Plaintiff alleges he suffers from Helicobacterium Pylori, the Court assumes he is referring to the condition Helicobacter Pylori.

action to ensure that Plaintiff received the necessary medical care, such [as] pain medications for this appropriate treatments." (*Id.*) "Defendant Akabike ignored and delayed to provide medical treatment (Pain medications) and stomach pain medication." (*Id.* at 10.) "As a result of Defendant Akabike denial and delaying, Plaintiff was subjected to a deprivation of adequate medical treatment (Pain medications), exposing [him] to a serious risk of injury stomach." (*Id.*) Defendant, despite of knowledge about the risk to Plaintiff of not treating the stomach pain for his H. pylori, "exposed Plaintiff to the risk of temporary and permanent damage, and was intentional, or willful reckless. . . ." (*Id.*) "The acts and omissions of Defendant Akabike of ignoring and delaying medical treatment (Pain medications) to Plaintiff, and failing to heed to [Plaintiff's] pleas that [he] was having stomach pain and failing to adequately monitor [his] condition, and in being indifferent to Plaintiff's severe stomach pain, suffering and injury . . . [were] in conscious disregard of an excessive risk of harm to the health and safety of Plaintiff." (*Id.*)

**III. SECTION 1983**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an

act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

## IV. ANALYSIS OF PLAINTIFF'S COMPLAINT

A prisoner can establish an Eighth Amendment violation arising from deficient medical care if he can prove that prison officials were deliberately indifferent to a serious medical need. *Estelle v. Gamble, 429 U.S. 97, 104 (1976)*. Assuming the medical need is "serious," a plaintiff must show that the defendant acted with deliberate indifference to that need. *Id.* "Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). It entails something more than medical malpractice or even gross negligence. *Id.* Deliberate indifference exists when a prison official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan, 511 U.S. 825, 837 (1994)*. Deliberate indifference exists when a prison official "den[ies], delay[s] or intentionally interfere[s] with medical treatment, or it may be shown by the way in which prison officials provide medical care." *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013) *(*internal quotation marks and citation omitted).

Critically, "a difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)), *overruled on other grounds by Peralta v. Dillard,* 744 F.3d 1076, 1083 (9th Cir. 2014). Instead, to establish deliberate indifference in the context of a difference of opinion between a physician and the prisoner or between medical providers, the prisoner "'must show that the course of treatment the doctors chose was medically unacceptable under the circumstances' and that the defendants 'chose this course in conscious disregard of an excessive risk to plaintiffs health.'" *Id.* at 988 (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)). In other words, where there has been some arguably appropriate treatment, deliberate indifference cannot be established merely by showing disagreement with

the physician but only by showing that the defendant chose a course of treatment knowing that it was inappropriate. Put differently, a court cannot substitute its judgment for that of a medical professional, but it can examine a medical professional's good faith in selecting a course of treatment.

Here, Plaintiff alleges that he has a serious medical condition, H. pylori, that the condition causes him severe pain, and that he has not been receiving treatment from Defendant for the condition. Plaintiff also alleges that Defendant is aware of Plaintiff's serious medical condition and the severe pain the condition causes Plaintiff; that Defendant is aware of the risk of not treating or delaying treatment of the condition; and that Defendant has acted in conscious disregard of Plaintiff's serious medical condition by not providing Plaintiff with treatment for the condition (pain medication).

The Court finds that, for purposes of screening only, Plaintiff has stated a cognizable claim against Defendant for deliberate indifference to serious medical needs in violation of the Eighth Amendment.[2] Accordingly, the Court finds that this claim can proceed past the screening stage.

## V. CONCLUSION

Plaintiff has stated a cognizable claim against Defendant Akabike for deliberate indifference to a serious medical need in violation of the Eighth Amendment. As this is the only claim Plaintiff brought in his Complaint, the Court finds service of the Complaint on Defendant to be appropriate. The Court will issue a separate order directing such service.

---

[2] Plaintiff repeatedly refers specifically to lack of treatment by not providing him with pain medication. The Court notes that the lack of treatment alleged by Plaintiff may merely be the result of a difference of opinion between Plaintiff and Defendant as to the appropriate treatment. *See Snow v. McDaniel,* 681 F.3d 978, 987 (9th Cir. 2012) ("[A] difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference."). The Court also notes that there may be legitimate penological interests in not providing Plaintiff with the pain medication that he seeks. *See Pullano v. Brammer*, 684 Fed. App'x 643, 644 (9th Cir. 2017) (remanding for examination of whether inmate who was denied medical treatment experienced pain and suffering that did not serve any penological purpose); *Ramirez-Salgado v. Lewi*s, 2018 WL 4214906 (E.D. Cal., Sept. 5, 2018) (holding that depriving prisoner of pain medication was permitted under the Eight Amendment if doing so was based on legitimate penological interests). However, construing the allegations in the Complaint in the light most favorable to Plaintiff, and for purposes of screening, the Court finds that the Complaint states a cognizable claim for deliberate indifference to serious medical needs.

Based on the foregoing, it is HEREBY ORDERED that this action proceed against Defendant N. Akabike for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

IT IS SO ORDERED.

Dated: __**January 30, 2020**__   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE