UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN JACKSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>N. AKABIKE,<br><br>　　　　Defendant. | Case No. 1:19-cv-01442-NONE-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 22) |

　　　　Plaintiff, John Jackson, is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On June 15, 2020, Plaintiff filed a motion for the appointment of counsel. (ECF No. 22.) The Court will deny the motion.

　　　　Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). *Rand*, 113 F.3d at 1525.

　　　　Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

1

complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. While the Court recognizes that Plaintiff is at a disadvantage due to his *pro se* status, his incarceration, and his other stated limitations, including his learning disability (dyslexia), the test is not whether Plaintiff would benefit from the appointment of counsel. The test is whether exceptional circumstances exist and here they do not.

Based on a review of the record, the Court does not find that Plaintiff cannot adequately articulate his claims. *Rand*, 113 F.3d at 1525. The case does not involve complex legal or factual issues, and Plaintiff's use of the assistance of a jailhouse lawyers and other assistants in preparing his legal filings does not make his case exceptional. Further, all documents submitted by Plaintiff, "however inartfully pleaded," will be "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). And, to the extent Plaintiff requires additional time to research, read, write, and otherwise prepare his court filings as a result of his learning disability, he may request that additional time by filing a motion with the Court.

Finally, at this early stage in the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of counsel (ECF No. 22) is DENIED without prejudice.

IT IS SO ORDERED.

   Dated:   **June 17, 2020**                    /s/ *Erica P. Grosjean*
                                                UNITED STATES MAGISTRATE JUDGE