| | |
|---|---|
| JOHN JACKSON,<br><br>            Plaintiff,<br><br>    v.<br><br>N. AKABIKE,<br><br>            Defendant. | Case No. 1:19-cv-01442-NONE-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER<br><br>(ECF No. 34) |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Plaintiff John Jackson ("Plaintiff") is a state inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's Motion to Order Defendant to Cease All Intimidation Tactics, which the Court construes as a motion for protective order. (ECF No. 34.) For the following reasons, the Court will deny the motion.

### I. BACKGROUND

Plaintiff filed a motion on April 26, 2021, requesting that the Court issue an order directing Plaintiff to "cease all intimidation tactics[.]" (ECF No. 34.) In the motion, Plaintiff represents that Defendant N. Akabike ("Defendant") has repeatedly requested production of documents that have already been produced. (*Id.*) Plaintiff does not have any more documents in his possession and cannot produce any additional documents. (*Id.* at 2.) Plaintiff requests that the Court determine whether Defendants' discovery requests are valid and, if they are not, order

Defendant to stop requesting the same information. (*Id*. at 3.) Plaintiff attaches a copy of a notice of deposition by videoconference and request for production of documents to the motion. (*Id.* at 4-8.)

On April 27, 2021, the Court entered an order construing Plaintiff's motion as a request for a protective order pursuant to Federal Rule of Civil Procedure 26(c) and directing Defendant to respond to the motion. (ECF No. 35.)

On May 18, 2021, Defendant filed an opposition to the motion. (ECF No. 36.) Defendant argues that he has not engaged in any conduct with the intention of intimidating or harassing Plaintiff. (*Id.* at 1.) Counsel for Defendant provides a declaration explaining that he propounded document requests dated January 14, 2021, and Plaintiff did not produce documents in response. (Yengoyan Decl., ECF No. 36-1 at 2.) Instead, Plaintiff objected to each request and referred to a document production dated October 15, 2021. (*Id.*) That document production totaled eighteen pages and, in part, pertained to issues unrelated to the claims in this case. (*Id.*) As a result, when Defendant noticed Plaintiff's deposition, he included a document request similar to the previous document request. (*Id.*) Defendant's counsel attaches copies of the January 14, 2021 document request, Plaintiff's response, and the April 2, 2021 amended notice of Plaintiff's deposition. (*See id.* at 9-23.) The purpose of requesting the documents again was to be able to question Plaintiff about any documents related to his claim against Defendant because he failed produce documents responsive to Defendant's January 14, 2021 document requests. (*Id.* at 2.) However, Plaintiff appeared at the deposition on April 20, 2021, and did not produce any further documents. (*Id.*) Defendant intends to file a motion for summary judgment in this case and is entitled to all documents Plaintiff intends to use to support his claims. (*Id.* at 2-3.)

Plaintiff did not file a reply to Defendant's opposition.

**II.    DISCUSSION**

Issuance of a protective order is governed by Federal Rule of Civil Procedure 26(c), which provides, in relevant part:

> (1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . . The court may,

>for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]

Fed. R. Civ. P. 26(c)(1). District courts have broad discretion to determine whether a protective order is appropriate and, if so, what degree of protection is warranted. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211-12 (9th Cir. 2002).

The Court will deny the motion because a court order is not necessary to protect Plaintiff from annoyance, embarrassment, oppression, or undue burden or expense at this time. Non-expert discovery closed on May 3, 2021 and the motion to compel deadline expired on March 1, 2021. (ECF No. 31.) Defendant has not filed a motion to compel Plaintiff to produce the requested documents and has not sought an extension of the deadline to do so. Additionally, Defendant has not indicated that he intends to request these documents again. While the Court agrees that Defendant should not issue further requests for production of the same documents, under the circumstances a protective order does not appear to be warranted.

### III.   CONCLUSION AND ORDER

In light of the foregoing, IT IS HEREBY ORDERED that Plaintiff's Motion to Order Defendant to Cease All Intimidation Tactics (ECF No. 34), construed as a motion for protective order, is DENIED.

IT IS SO ORDERED.

Dated:  **July 9, 2021**                      /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE