UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN JACKSON,<br><br>          Plaintiff,<br><br>    v.<br><br>N. AKABIKE,<br><br>          Defendant. | Case No. 1:19-cv-01442-NONE-EPG (PC)<br><br>ORDER RE: REBUTTAL TO DEFENDANT'S ANSWER TO PLAINTIFF'S REQUEST TO STOP HARASSMENT AND INTIMIDATION<br><br>(ECF No. 43) |

Plaintiff John Jackson ("Plaintiff")[1] is a state inmate proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's "Rebuttal to Defendant's Answer to Plaintiff['s] Request to Stop Harassment and Intimidation." (ECF No. 43.)

**I.    BACKGROUND**

Plaintiff filed a motion on April 26, 2021, requesting that the Court issue an order directing Defendant N. Akabike ("Defendant") to "cease all intimidation tactics[.]" (ECF No. 34.) Plaintiff alleged that Defendant had repeatedly requested production of documents that had already been produced, and Plaintiff did not have any more documents in her possession to produce. (*Id.* at 2.) On April 27, 2021, the Court entered an order construing Plaintiff's motion as a request for a protective order pursuant to Federal Rule of Civil Procedure 26(c) and directing

---

[1] It is the Court's understanding that Plaintiff is transgender and prefers to be referred to as she/her.

Defendant to respond to the motion. (ECF No. 35.) On May 18, 2021, Defendant filed an opposition to the motion explaining that Defendant's counsel propounded document requests dated January 14, 2021, and Plaintiff objected to the requests and referred to an earlier document production totaling eighteen pages, so Defendant's counsel included similar document requests when noticing Plaintiff's deposition. (ECF No. 36.) Plaintiff did not file a reply to Defendant's opposition.

On July 12, 2021, the Court entered an order denying Plaintiff's motion. (ECF No. 42.) While the Court agreed that Defendant should not issue further requests for production of the same documents, under the circumstances a protective order was not necessary to protect Plaintiff from annoyance, embarrassment, oppression, or undue burden or expense. (*Id.*)

On October 8, 2021, Plaintiff filed a document titled "Rebuttal to Defendant's Answer to Plaintiff['s] Request to Stop Harassment and Intimidation." (ECF No. 43.) Plaintiff requests that the Court "CONTINUE the order to stop harassing and intimidating behavior toward the Plaintiff." (*Id.* at 1.) Plaintiff explains that she is learning disabled and requires the assistance of a jailhouse lawyer. (*Id.* at 2.) Plaintiff's assistant did not receive Defendant's opposition until August 18, 2021, and has been limited in being able to respond. (*Id.*) Additionally, Plaintiff has been moved to Yard-A while her assistant remains on Yard-F. (*Id.*)

Plaintiff states that she agrees with Defendant's counsel's statements, except where he claims that he has not engaged in harassing behavior. (ECF No. 43 at 2.) Defendant's counsel has engaged in harassing behavior by repeatedly asking for discovery that has already been produced. (*Id.*) Plaintiff does not have any further documents in her possession or control. (*Id.*) Defendant's counsel's behavior is intimidating to Plaintiff because he told her that failure to bring the requested documents may result in sanctions, even though Defendant's counsel already had everything Plaintiff had. (*Id.* at 3-4.) Additionally, Defendant's counsel engaged in "off-topic, unnecessary grilling-like behavior" during Plaintiff's deposition. (*Id.*)

Finally, Plaintiff contends that Defendant's counsel has refused to release information about Defendant's medical credentials, education, and post-doctoral studies. (ECF No. 43 at 4.) Plaintiff was told that this information was public and available from other sources, but Plaintiff

does not have internet access because she is incarcerated. (*Id.*) Plaintiff needs this information to assess if there are other related defendants and the extent of shared liability. (*Id.*)

## II.   DISCUSSION

The Court will deny Plaintiff's request for an order directing Defendant's counsel to stop harassing and intimidating behavior toward Plaintiff. As explained in the Court's order denying Plaintiff's motion for a protective order, non-expert discovery closed on May 3, 2021 and the motion to compel deadline expired on March 1, 2021. (ECF No. 31.) Defendant has not filed a motion to compel Plaintiff to produce the requested documents and has not sought an extension of the deadline to do so. Additionally, Defendant has not indicated that he intends to request these documents again. Plaintiff's reply describes Defendant's counsel's prior request for production of documents at her deposition and does not allege that Defendant has requested the documents again. Likewise, it appears that Plaintiff's deposition has concluded, and Defendant has filed a motion for summary judgment. (*See* ECF No. 42.) Therefore, for the same reasons explained in the Court's prior order denying Plaintiff's motion for a protective order, a court order does not appear to be necessary to protect Plaintiff from annoyance, embarrassment, oppression, or undue burden or expense at this time.

As to Plaintiff's statement that Defendant's counsel has refused to provide information about Defendant's medical credentials, education, and post-doctoral studies, the Court notes that Plaintiff's statement is not itself a motion to compel and the motion to compel deadline expired on March 1, 2021. (ECF No. 31.) Plaintiff has not requested to extend this deadline. If Plaintiff chooses to file a motion to compel in the future, she should explain why there is good cause to do so notwithstanding the fact that the deadline to file a motion to compel has passed.

///
///
///
///
///
///

3

### III.     CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request (ECF No. 43) for an order directing Defendant's counsel to stop harassing and intimidating behavior toward Plaintiff is DENIED.

IT IS SO ORDERED.

Dated:  __**October 21, 2021**__                    /s/ *Erica P. Grosjean*
                                                                     UNITED STATES MAGISTRATE JUDGE

4