UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN JACKSON,<br><br>            Plaintiff,<br><br>      v.<br><br>N. AKABIKE,<br><br>            Defendant. | Case No.  1:19-cv-01442-JLT-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>(ECF No. 42)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

### I.     INTRODUCTION

Plaintiff John Jackson ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

This case proceeds on Plaintiff's claim against Defendant N. Akabike ("Defendant") for deliberate indifference to serious medical needs in violation of the Eighth Amendment. (ECF No. 10.) Plaintiff's complaint alleges that Defendant, who is her primary care physician at California Substance Abuse Treatment Facility and State Prison, Corcoran, knew Plaintiff was experiencing severe stomach pain from H. pylori but ignored her complaints and delayed treatment. (*See* ECF No. 1 at 8-10.)

Before the Court is Defendant's motion for summary judgment. (ECF No. 42.) The matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. For the

1

1   following reasons, the Court recommends that the motion be granted.

2   **II.    DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

3   Defendant filed her motion for summary judgment on September 16, 2021. (ECF No. 42.) Defendant argues that Plaintiff failed to exhaust her administrative remedies prior to filing suit. (*Id.* at 7-8.) Additionally, Plaintiff cannot show more than a disagreement with her medical opinion regarding the appropriate course of evaluation and treatment, which is insufficient to establish an Eighth Amendment violation. (*Id.* at 10-12.) Further, Plaintiff cannot establish that Defendant's treatment caused her harm. (*Id.* at 12-13.)

Plaintiff filed an opposition to the motion on January 14, 2022. (ECF Nos. 49, 50.) Plaintiff argues that she properly exhausted administrative remedies but California Department of Corrections and Rehabilitation ("CDCR") staff lost her grievance. (*Id.* at 2-4.) Plaintiff further asserts that Defendant left Plaintiff in pain for months, which amounts to deliberate indifference. (*Id.* at 5-7.)

On January 24, 2022, Defendant filed her reply in support of the motion. (ECF No. 51.) Defendant's reply reasserts the arguments raised in the motion and contends that the opposition fails to raise a genuine dispute of material fact. (*Id.*)

The matter was then taken under submission on the record without oral argument. *See* E.D. Cal. L.R. 230(l).

**III.   UNDISPUTED FACTS**

The Court has carefully reviewed the parties' submissions, including separate statements of undisputed facts, supporting declarations, deposition testimony, and statements in the parties' briefs. The following facts are undisputed.[1]

---

[1] Plaintiff's response to Defendant's Separate Statement of Undisputed Material Facts contends that several facts are disputed and argues that they are, among other things, "misleading and prejudicial," "simply an opinion," and "precipitous and . . . self-serving." (ECF No. 50.) Plaintiff does not cite to evidence or provide any other support for these arguments. (*Id.*) To the extent the Court necessarily relied on evidence that has been objected to, the Court relied only on evidence it considered to be admissible. Generally, it is not the practice of the Court to rule on evidentiary matters individually in the context of summary judgment. This is particularly true when "the objections are boilerplate recitations of evidentiary principles or blanket objections without analysis applied to specific items of evidence." *Capital Records, LLC v. BlueBeat, Inc.*, 765 F.Supp.2d 1198, 1200 n.1 (C.D. Cal. 2010) (quoting *Doe v. Starbucks, Inc.*, 2009 WL 5183773, at *1 (C.D. Cal. Dec. 18, 2009)).

1  In May of 2019, Plaintiff complained of stomach pain. (Undisputed Material Facts
2  "UMF" 7; ECF Nos. 42-2 at 3, 42-5 at 3, 50 at 1.) On May 18, 2019, Plaintiff submitted a health
3  care request for services form complaining of stomach pain. (*Id.*) On May 19, 2019, Plaintiff was
4  seen by the triage registered nurse. (*Id.*)[2]

   On June 27, 2018, Plaintiff submitted a health care request for services form complaining
   of stomach pain and bleeding. (UMF 8; ECF Nos. 42-2 at 3, 42-5 at 3, 50 at 1.) On July 16, 2019,
   Defendant examined Plaintiff to address her complaints of stomach pain. (UMF 9; ECF Nos. 42-2
   at 3, 42-5 at 3, 50 at 1.) Defendant noted that there was no dysphagia, odynophagia, blood in
   stool, or weight loss, Plaintiff saw the registered nurse who gave her TUMS, and she was also
   given Prilosec. (*Id..*) Defendant assessed Plaintiff with gastritis, ordered an H. pylori stool antigen
   test, prescribed a trial of pantoprazole 20mg daily for a period of 90 days, and noted to reevaluate
   Plaintiff in 14-16 weeks. (*Id.*)

   Plaintiff tested positive for H. pylori. (UMF 10; ECF Nos. 42-2 at 3, 42-5 at 3, 50 at 2.)
   On August 6, 2019, Defendant prescribed pantoprazole 40 mg, clarithromycin 500 mg, and
   amoxicillin 1 gram, to be taken twice daily for a period of 14 days. (*Id.*)

   On August 25, 2019, Plaintiff visited the triage and treatment area ("TTA") and Defendant
   examined her on August 27, 2019. (UMF 12; ECF No. 42-2 at 3, 42-5 at 3, 50 at 2.) Defendant
   noted that Plaintiff received a GI cocktail and her symptoms improved so she was discharged.
   (*Id..*) However, Plaintiff's abdominal pain recurred shortly after she left TTA, and Defendant
   assessed her with gastroesophageal reflux disease ("GERD"). (*Id.*) Defendant modified Plaintiff's
   prescription to pantoprazole 20mg twice per day and Maalox for breakthrough pain. (*Id.*)
   Defendant also ordered a referral to a gastroenterologist for an esophagogastroduodenoscopy
   ("EGD"). (UMF 12; ECF Nos. 42-2 at 4, 42-5 at 3-4, 50 at 2.)

   On October 2, 2019, Dr. Jajodia performed an upper endoscopy on Plaintiff. (UMF 13;
   ECF Nos. 42-2 at 4, 42-5 at 4, 50 at 2.) Dr. Jajodia's impressions were esophagitis, grade A,

---

[2] Plaintiff's response to Defendant's Separate Statement of Undisputed Material Facts indicates she disputes that this was Plaintiff's first complaint to Defendant regarding her stomach problems and specifically contends that she also verbally reported vomiting blood, severe pain, and cramping to Defendant in February of 2019. However, Plaintiff does not appear to dispute that she also complained of stomach pain in May of 2019 and was seen by7 the triage nurse on May 19, 2019. (*See* ECF No. 50 at 1.)

3

1  hiatus hernia, small, watermelon stomach, Gastric Antral Vascular Ectasia syndrome, and
2  moderate gastritis. (*Id*.) Dr. Jajodia planned a repeat EGD after one month and Protonix 40mg for
3  one month. (*Id*.)
4        On October 14, 2019, Defendant had a follow-up appointment with Plaintiff to discuss the
5  results of the EGD and a pathology report of the small intestine, which showed no histopathology
6  evidence of sprue. (UMF 14; ECF No. 42-2 at 4, 42-5 at 4, 50 at 2.) The stomach showed
7  helicobacter gastritis but not evidence of metaplasia. (*Id.*) Defendant reviewed the EGD and
8  pathology report with Plaintiff, noted Plaintiff's epigastric pain had reduced but she continued to
9  experience nausea, and assessed Plaintiff with esophagitis, hiatal hernia, watermelon stomach,
10 and gastritis, H. pylori. (*Id.*) Defendant ordered a repeat EGD be scheduled, prescribed Zofran for
11 nausea, and, as an alternative to the initial antibiotic regimen of clarithromycin-based triple
12 therapy, prescribed bismuth quadruple therapy, which included bismuth subsalicylate,
13 metronidazole, tetracycline for ten days, and pantoprazole 40 mg. (*Id.*)

### IV.    LEGAL STANDARDS

#### A.    Summary Judgment Generally

Summary judgment in favor of a party is appropriate when there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Albino v. Baca* ("*Albino II*"), 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*) ("If there is a genuine dispute about material facts, summary judgment will not be granted."). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

4

any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). If the moving party moves for summary judgment on the basis that a material fact lacks any proof, the Court must determine whether a fair-minded jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322. Additionally, "[a] summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

In reviewing the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party." *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011). It need only draw inferences, however, where there is "evidence in the record . . . from which a reasonable inference . . . may be drawn . . . ."; the court need not entertain inferences that are unsupported by fact. *Celotex*, 477 U.S. at 330 n. 2 (citation omitted). Additionally, "[t]he evidence of the non-movant is to be believed . . . ." *Anderson*, 477 U.S. at 255. Moreover, the Court must liberally construe Plaintiff's filings because he is a prisoner proceeding *pro se* in this action. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010).

In reviewing a summary judgment motion, the Court may consider other materials in the record not cited to by the parties, but is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001).

      **B.**      **Deliberate Indifference to Serious Medical Needs**

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). Prison officials have a duty "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad*

*v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Farmer*, 511 U.S. at 832–33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of this duty, the prisoner must "show that the officials acted with deliberate indifference to threat of serious harm or injury to an inmate." *Labatad*, at 1160 (citation omitted).

A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. *See Farmer,* 511 U.S. at 834.

For the objective component, the alleged deprivation must be "sufficiently serious" and where a failure to prevent harm is alleged, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).

For the subjective component, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Farmer,* 511 U.S. at 837. A prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and...must also draw the inference." *Id.* Liability may follow only if a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847; *see also id.* at 835, 36-37 (explaining that "deliberate indifference entails something more than mere negligence...[but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result"; and defining "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware").

## V.    ANALYSIS

Defendant argues, in relevant part, that she is entitled to summary judgment because Plaintiff does not have sufficient evidence of Defendant's subjective deliberate indifference to a serious medical need.[3] (ECF No. 42 at 11-12.) According to Defendant, the undisputed evidence shows that she "provided frequent and appropriate treatment" for Plaintiff's H. pylori infection,

---

[3] It is undisputed that Plaintiff's medical conditions were serious medical needs. (*See* ECF No. 42 at 10.)

1    including providing prescription medications and referring her to a gastroenterologist. (*Id.* at 12.)
2    Defendant argues that Plaintiff can only establish a disagreement regarding the appropriate course
3    of evaluation and treatment, which is insufficient for an Eighth Amendment claim. (*Id.* at 11.)
4          In support of this argument, Defendant provides a declaration regarding the treatment she
5    provided to Plaintiff and attaches Plaintiff's medical records documenting that treatment. (*See*
6    ECF No. 42-2.) Defendant explains that she examined Plaintiff on multiple occasions, prescribed
7    Plaintiff medication, ordered an H. pylori stool antigen test, and referred Plaintiff to a
8    gastroenterologist. (*Id.*) Specifically, submitting a health care request form on May 18, 2019,
9    Plaintiff was seen by a triage nurse on May 19, 2019. (*Id.* at 3.) Defendant examined her on July
10   16, 2019, after Plaintiff submitted another health care request form on June 27, 2019. (*Id.*)
11   Plaintiff received TUMS and Prilosec from the registered nurse, and Defendant prescribed
12   pantoprazole 20mg daily for 90 days, ordered an H. pylori stool antigen test, and noted to
13   reevaluate Plaintiff in 14-16 weeks. (*Id.*) On August 6, 2019, after Plaintiff tested positive for H.
14   pylori, Defendant prescribed pantoprazole 40 mg, clarithromycin 500 mg, and amoxicillin 1 gram
15   twice daily for 14 days. (*Id.*) Defendant examined Plaintiff again on August 27, 2019, after
16   Plaintiff visited the TTA on August 25, 2019, and received a GI cocktail. (*Id.* at 3-4.) Defendant
17   modified Plaintiff's prescriptions and referred her to a gastroenterologist. (*Id.* at 4.) Plaintiff had
18   another follow-up appointment with Defendant on October 14, 2019, and Defendant ordered a
19   repeat EGD and changed Plaintiff's clarithromycin-based triple therapy to bismuth subsalicylate.
20   (*Id.*)
21         The Court finds that Defendant has met her initial burden at summary judgment of
22   showing undisputed facts upon which no reasonable jury could find that Defendant knew of and
23   disregarded an excessive risk to Plaintiff's health or safety in the course of her evaluation and
24   treatment of Plaintiff's H. pylori infection.
25         Plaintiff's opposition, which is signed under penalty of perjury, contends that Plaintiff
26   first reported stomach pain before May of 2019, and complained of vomiting blood, severe pain,
27   and cramping verbally during a visit with Defendant in February of 2019. (ECF No. 50 at 1.)
28   Plaintiff points to the fact that she filed a 602 on May 10, 2019, to show that she complained

1    about her stomach pain before the health care services form that was filed on May 18, 2019. (ECF
2    Nos. 49 at 5-6, 50 at 1.) Further, "[b]y Defendant's own admission, she left the Plaintiff in life-
3    changing pain and vomiting blood from at least May 2019 to November 2019." (ECF No. 49 at
4    5.) Plaintiff argues that Defendant "contradicts herself" because she changed the clarithromycin-
5    based triple therapy to bismuth subsalicylate and considers her own opinion to be superior to non-
6    CDCR experts. (*Id.* at 6-7.) According to Plaintiff, "[t]he totality of events, Defendant['s]
7    declaration that she changed the prescription with no medical indication for the change, her
8    admission that she considers her opinion superior over experts, her failure to acknowledge
9    Plaintiff's complaint of stomach pain simply because Plaintiff reported it verbally" all show that
10   Defendant was deliberately indifferent to her stomach pain. (*Id.* at 7.)

11   　　　　Construing the evidence liberally in Plaintiff's favor, the Court finds that there is no
12   genuine dispute of material fact precluding summary judgment. The undisputed evidence shows
13   that Defendant repeatedly evaluated Plaintiff, provided her with medications, ordered testing, and
14   referred her to a specialist. Against this undisputed evidence that Defendant treated Plaintiff's
15   condition, Plaintiff alleges that she verbally reported stomach pain once three months before the
16   written report, and that Defendant did not treat her at that time. Even assuming Plaintiff first
17   reported her medical issues in February of 2019, these facts are insufficient to show that
18   Defendant "acted with an intent to attend to Plaintiff's health, rather than act in conscious
19   disregard of an excessive risk to [her] health." *Klein v. Conanan,* 2016 WL 7333906, at *3 (E.D.
20   Cal. Feb. 24, 2016). Plaintiff does not submit any facts regarding Defendant's reaction to that
21   verbal report of pain that would suggest that Defendant was aware of the serious medical need
22   and purposefully failed to treat it. Especially in light of the multiple treatments Defendant
23   provided Plaintiff once she reported the stomach condition in writing, Plaintiff's allegation of an
24   earlier verbal report is not sufficient for a reasonable jury to find that Defendant acted deliberate
25   indifference to serious medical needs, rather than negligence. *Estelle,* 429 U.S. at 106 ("[A]
26   complaint that a physician has been negligent in diagnosing or treating a medical condition does
27   not state a valid claim of medical mistreatment under the Eighth Amendment.").
28   　　　　In her opposition, Plaintiff also argues that Defendant "contradict[ed] herself" by

8

changing the clarithromycin-based triple therapy to bismuth subsalicylate, and also considers her own opinion to be superior to non-CDCR experts.[4] However, Plaintiff has not submitted any evidence that the course of treatment Defendant provided was medically unacceptable under the circumstances. Further, neither a difference of opinion between medical providers nor Plaintiff's disagreement regarding the proper course of treatment constitute deliberate indifference. *Toguchi v. Chung,* 391 F.3d 1051, 1059-60 (9th Cir. 2004) ("[A] difference of medical opinion . . . cannot support a claim of deliberate indifference."); *Sanchez v. Vild,* 891 F.2d 240, 242 (9th Cir. 1989) (reasoning that a difference of opinion between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim).

Because Plaintiff has not submitted sufficient evidence from which a reasonable jury could find that Defendant was subjectively deliberate indifferent in evaluating and treating Plaintiff's H. pylori infection, the Court recommends granting Defendant's motion for summary judgment.[5]

**VI.    CONCLUSION AND RECOMMENDATION**

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1.    Defendant's motion for summary judgment (ECF No. 42) be granted;

2.    Judgment be entered in favor of Defendant N. Akabike; and

3.    The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within

---

[4] Notably, Plaintiff's opposition argues that, "[i]n Admissions No. 3 Defendant stated that she considers her own opinion superior to non-CDCR experts." (ECF No. 49 at 6.) However, a review of Defendant's response to this request, which Plaintiff attaches to her opposition, indicates that Defendant did not admit this request and instead responded with objections. (*See* ECF No. 50 at 5.)

[5] In light of this recommendation, the Court declines to address the remainder of Defendant's arguments, including that Plaintiff failed to administratively exhaust her claim.

fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 18, 2022**              /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE