UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN JACKSON,<br><br>        Plaintiff,<br><br>    v.<br><br>N. AKABIKE,<br><br>        Defendant. | No. 1:19-cv-01442-JLT-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED<br><br>(Docs. 42, 53) |

Defendant N. Akabike filed a motion for summary judgment on September 16, 2021. (Doc. 42.) Plaintiff opposed the motion (Docs. 49, 50), and the defendant filed a reply. (Doc. 51.) On April 19, 2022, the assigned magistrate judge entered findings and recommendations recommending that defendant's motion be granted. (Doc. 53.) On May 16, 2022, Plaintiff filed timely objections. (Doc. 54.) Defendant filed a response on May 31, 2022. (Doc. 55.)

According to 28 U.S.C. § 636(b)(1)(B), this court has conducted a *de novo* review of the case, including Plaintiff's objections and defendant's response. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis. Contrary to Plaintiff's assertion, the magistrate judge applied the appropriate standards, including *Farmer v. Brennan*, 511 U.S. 825, 832 (1994), and *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). *See Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (acknowledging that Farmer provides the controlling standard for medical deliberate indifference

claims). The Court also agrees with the magistrate judge's conclusion that there is no genuine dispute of material fact going to Plaintiff's deliberate indifference claim. The closest Plaintiff comes is her assertion that she verbally complained of vomiting blood, severe pain and cramping during a visit with Defendant in February 2019 but did not receive treatment for several months. But as the magistrate judge explained:

> Plaintiff does not submit any facts regarding Defendant's reaction to that verbal report of pain that would suggest that Defendant was aware of the serious medical need and purposefully failed to treat it. Especially in light of the multiple treatments Defendant provided Plaintiff once she reported the stomach condition in writing, Plaintiff's allegation of an earlier verbal report is not sufficient for a reasonable jury to find that Defendant acted deliberate indifference to serious medical needs, rather than negligence. *Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.").

(Doc. 53 at 8.)

Accordingly,

1. The findings and recommendations entered on April 19, 2022 (Doc. 53) are adopted in full;
2. Defendant's motion for summary judgment (Doc. 42) is granted; and
3. The Clerk of Court is directed to enter judgment in favor of defendant N. Akabike and then to close this case.

IT IS SO ORDERED.

Dated: **June 16, 2022**

UNITED STATES DISTRICT JUDGE